IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 07-20454-CIV-HUCK/SIMONTON

OSCAR DE AZA,

    Plaintiff,

v.

HUMANA INC., a foreign corporation

    Defendant.

_____/

**ORDER DENYING MOTION FOR REMAND**

    This matter is before the Court on Plaintiff Oscar De Aza's Motion for Remand, filed March 9, 2007. The Court has considered the Motion and Defendant Humana Inc.'s ("Humana") Response thereto. Plaintiff did not file a reply to Defendant's Response. The Court is duly advised in the premises.

    On February 21, 2007, Humana removed this action for health plan benefits from the Eleventh Judicial Circuit in and for Miami-Dade County. Humana asserted that the benefit plan at issue is governed by the Employment Retirement Income Security Act of 1974 ("ERISA"), and is thus subject to federal jurisdiction. Plaintiff seeks remand to state court because, in his view, the plan is not an "employee welfare benefit plan" as contemplated by ERISA.

    ERISA defines an "employee welfare benefit plan"

> as any plan, fund, or program . . . established or maintained by an employer or by an employee organization . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits.

29 U.S.C. §1002(1). The Department of Labor has indicated, however, that an "employee welfare benefit plan" does *not* include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which

>    (1) No contributions are made by an employer or employee organization;

>    (2) Participation in the program is completely voluntary for employees or members;

>    (3) The sole functions of the employer or employee organization with respect to the

>program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
>(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with the payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j). If a group insurance program fails to satisfy any one of the foregoing provisions it is subject to the strictures of the Act. *See Johnson v. Watts Regulator Company*, 63 F.3d 1129, 1133 (1st Cir.1995).

In support of his Motion for Remand, Plaintiff argues that the plan at issue here satisfies each of the foregoing safe harbor provisions and is therefore exempt from ERISA. Humana, however, has attached to its Response to Plaintiff's Motion for Remand a copy of the plan itself, which refutes Plaintiff's arguments. The Pitney Bowes Medical Plan (Exhibit A to Humana's Response) expressly provides that Plaintiff's employer shares the cost of medical and dental coverage with plan participants. The employer "provides contributions . . . to help [participants] pay for some of [their] elections." Accordingly, the plan fails to satisfy the first of the four safe harbor provisions quoted above and is subject to ERISA. It is therefore

ORDERED that Plaintiff's Motion for Remand is DENIED.

DONE AND ORDERED in Chambers, Miami, Florida, this 16th day of April, 2007.

Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of record.